**Thomas P. CULLEN, Plaintiff,**

v.

**PAINE, WEBBER, JACKSON & CURTIS, INC., Defendant.**

**Civ. A. No. C84–502A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 26, 1984.

Jeffrey L. Cohen, Wm. Lewis Spearan, Atlanta, Ga., for plaintiff.

Steve J. Davis, H. Wayne Phears, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This action originated in the Superior Court of Fulton County, Georgia, and was removed to this court on the basis of diversity of citizenship. Plaintiff seeks a declaration that defendant has no right to compel arbitration and that a certain promissory note is void and unenforceable. Plaintiff also seeks to recover damages for various alleged tortious misconduct as well as punitive damages. Presently pending before this court is defendant's motion to dismiss, or, alternatively, to stay this action pending arbitration, and plaintiff's motion to stay arbitration.

## FACTS

In 1982, plaintiff and defendant entered into an employment agreement. As a part of his application for employment with defendant, plaintiff executed a document entitled "Uniform Application for Securities Industry Registration" which sought full registration as a general securities representative with the American Stock Exchange, the National Association of Securities Dealers and the New York Stock Exchange. (Exhibit A to defendant's motion). On the third page of the registration application, plaintiff stated as follows:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions or by-laws of the organizations with which I register. . . .

(*Id.* at p. 3, ¶ 5). The record does not indicate when this application was approved, but it was apparently approved at some point.

Rule 347 of the New York Stock Exchange, one of the organizations with which plaintiff became registered and one of the organizations with which defendant was a member [1], requires arbitration of any dispute arising out of the employment of a registered representative with a member organization:

> Any controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration at the instance of any such party in accordance with arbitration procedures prescribed elsewhere in these rules.[2]

Article VIII of the Constitution of the New York Stock Exchange provides as follows:

> Sec. 6. Any controversy between a non-member and a member, allied member, member firm or member corporation arising out of the business of such member . . . shall be submitted for arbitration. . . .[3]

Plaintiff resigned from his employment with defendant on October 15, 1983, and a number of disputes arose between plaintiff and defendant. Shortly after learning of these disputes defendant filed a "Statement of Claim" which submitted the disputes of which it was aware to the New York Stock Exchange for arbitration. (Exhibit B to defendant's motion). Defendant also filed a "Uniform Submission Agreement" with the Exchange. (Exhibit C to defendant's motion). Approximately two months later, on February 9, 1984, plaintiff filed an objection to the arbitration, requesting that the arbitration be dismissed (Exhibit D to defendant's motion), and initiated the present action.

The parties have since received a letter response (dated March 5, 1984) from the

---

1. *See* Exhibit B to defendant's motion, p. 1.

2. The Rules of the New York Stock Exchange have not been filed with the court; however, plaintiff does not dispute the existence of Rule 347 or defendant's recitation of this rule.

3. The New York Stock Exchange Constitution also has not been filed with the court, but plaintiff does not dispute its existence or defendant's recitation of it.

New York Stock Exchange essentially stating that the Exchange has no authority to stay the arbitration absent a court order and that the arbitration proceeding would continue.

## DISCUSSION

Defendant moves to dismiss this action, or, in the alternative, to stay the action pending arbitration, on the ground that the claims asserted by plaintiff are subject to arbitration under an agreement to arbitrate entered into by plaintiff and defendant. Plaintiff opposes defendant's motion and concurrently moves to stay the arbitration proceedings before the New York Stock Exchange on three grounds. First, plaintiff contends that there was no agreement made between him and defendant to submit their disputes to arbitration. Second, plaintiff argues that even if there was an agreement to arbitrate, the disputes asserted in this action do not fall within that agreement. And, finally, plaintiff maintains that defendant has waived any right it may have to compel arbitration.

For the reasons discussed below, the court GRANTS defendant's motion to stay these proceedings pending arbitration.

A.   The Federal Arbitration Act

■   The Federal Arbitration Act, 9 U.S.C. § 1 et seq. (1947), provides that: [A] contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law of in equity for the revocation of any contract.

9 U.S.C. § 2.   The Act further provides that:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the story is not in default in proceeding with such arbitration.

9 U.S.C. § 3.   These provisions have been held applicable in diversity actions to enforce an arbitration provision of a contract "evidencing a transaction involving commerce" despite the fact that state law is usually adopted in diversity cases. *Huber, Hunt & Nichols, Inc. v. Architectural Stone Co., Inc.*, 625 F.2d 22, 25 (5th Cir. 1980).

The employment contract in question appears to be a "contract evidencing a transaction involving commerce" within the meaning of the Federal Arbitration Act. An employment relationship is a "contract evidencing a transaction," *Dickstein v. duPont*, 443 F.2d 783, 785 (1st Cir.1971), and the employment relationship between plaintiff and defendant concerned securities which are transactions involving interstate commerce. *Legg, Mason & Co., Inc. v. Mackall & Coe, Inc.*, 351 F.Supp. 1367, 1370 (D.D.C.1972).   Thus, the Federal Arbitration Act and the principles developed pursuant to it will control in this case.

The fact that this case was removed from state to federal court does not affect this court's mandate under 9 U.S.C. § 3; thus, if this court finds a stay of this proceeding is appropriate under § 3, it must order a stay notwithstanding the fact of removal. *Bernhardt v. Polygraphic Co. of America*, 218 F.2d 948 (2d Cir.1955), *rev'd on other grounds*, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956).

B.   Existence of an agreement to arbitrate

■   Although there is an overriding federal policy favoring arbitration, arbitration is a matter of contract and a party cannot be required to submit a dispute to arbitration unless he or she has agreed to do so.

*First Citizens Municipal Corp. v. Pershing Division of Donaldson, Lufkin & Jenrette Securities Corp.*, 546 F.Supp. 884, 887 (N.D.Ga.1982). *Also see Gateway Coal Co. v. United Mine Workers of America*, 414 U.S. 368, 374, 94 S.Ct. 629, 635, 38 L.Ed.2d 583 (1974); *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962). Thus, the first question for the court is whether there was an agreement to arbitrate between defendant and plaintiff.

■ Defendant essentially argues that plaintiff implicitly agreed to arbitrate disputes arising between them according to the rules of the New York Stock Exchange when he submitted the Uniform Application for Securities Industry Registration with his application for employment with defendant. Defendant alternatively argues that it is a beneficiary to the agreement to arbitrate entered into between plaintiff and the New York Stock Exchange.

Plaintiff, on the other hand, strongly insists that he never explicitly or implicitly agreed to submit disputes arising between him and defendant to arbitration. He points to the absence of any written agreement between himself and defendant. He contends that the Uniform Application was "merely an application" and that it was a preprinted, adhesion contract. As for the agreement to arbitrate between plaintiff and the New York Stock Exchange, plaintiff contends that that agreement was strictly between himself and the New York Stock Exchange and defendant is not a beneficiary to it.

Upon carefully considering the applicable law, the court concludes that the Constitution and Rules of the New York Stock Exchange create a binding agreement to arbitrate between plaintiff and defendant. See *Muh v. Newburger, Loeb & Co., Inc.*, 540 F.2d 970, 972 (9th Cir.1976); *Coenen v. R.W. Pressprich & Co.*, 453 F.2d 1209, 1211 (2d Cir.), *cert. denied*, 406 U.S. 949, 92

S.Ct. 2045, 32 L.Ed.2d 337 (1972), *quoting Brown v. Gilligan, Will & Co.*, 287 F.Supp. 766 (S.D.N.Y.1968); *Rust v. Drexel Firestone Inc.*, 352 F.Supp. 715, 717 (S.D. N.Y.1972); *Legg, Mason & Co., Inc. v. Mackall & Coe, Inc., supra*, 351 F.Supp. at 1370. *Cf. Tullis v. Kohlmeyer & Co.*, 551 F.2d 632 (5th Cir.1977). The Constitution and Rules of the New York Stock Exchange constitute the agreement between the Exchange and plaintiff as well as the agreement between the Exchange and defendant; and, by their terms, they also constitute an agreement between plaintiff and defendant. It is not dispositive that there was no express agreement to arbitrate made directly by plaintiff and plaintiff as each was no doubt aware of the binding effect of the Exchange's Constitution and Rules providing for arbitration on representatives and member firms.[4]

The court rejects plaintiff's argument that the agreement to arbitrate is invalid because it is adhesive; the arbitration rule is a reasonable exercise of the self-regulatory power vested in the Exchange, 15 U.S.C. § 78a *et seq.*, and is not void as adhesive. *See Rust v. Drexel Firestone Inc., supra*, 352 F.Supp. at 717–18.

### C. Scope of arbitration agreement

■ The next question presented by this action is whether the disputes between plaintiff and defendant are within those disputes which are arbitrable under the arbitration agreement.

The arbitration agreement, consisting of the Exchange's Constitution and Rules, provided that "[a]ny controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member organization shall be settled by arbitration...." (Exchange Rule 347). The clear import of this agree-

---

4. As an alternative to this "three-party agreement" analysis, the court finds that the agreement to arbitrate contained in the Uniform Application, as a condition precedent to plaintiff's employment with defendant, became an "inte-

gral and mutually binding part of [plaintiff's] employment arrangement with [defendant]." *Dickstein v. duPont*, 443 F.2d 783, 785 (1st Cir. 1971).

ment is that *any* controversy arising out of the employment of a registered representative with a member organization is subject to arbitration.

Plaintiff's contention that its claims do not arise out of his employment with defendant is rejected. It seems evident that but for the employment relationship there would be no dispute between plaintiff and defendant. The promissory note was apparently executed in connection with plaintiff undertaking employment with defendant. The alleged tortious acts complained of are similarly inextricably intertwined with plaintiff's employment. Thus, the court finds that the disputes asserted in this action are arbitrable under the arbitration agreement between plaintiff and defendant.[5,6]

The court, in reaching this conclusion, is guided by the Supreme Court's recent comment that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration" in light of the "liberal federal policy favoring arbitration agreements." *Moses.H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

### D. Waiver

■ The final issue to be resolved is whether defendant waived its right to submit the current disputes to arbitration.

Plaintiff submits that defendant waived its right to compel arbitration of the dispute over the promissory note when it agreed that the note would "be governed by and construed in accordance with the laws of the State of New York." (See Exhibit 2 to Complaint). Plaintiff alleges further evidence of waiver in defendant's agreement that:

If any paragraph of this Note ... shall for any reason be *adjudged by any Court of competent jurisdiction* to be invalid or unenforceable, such judgment shall not affect, impair, or invalidate the remainder of this note....

(*Id.*) (Emphasis added by plaintiff).

The court finds that defendant has not waived its right to compel arbitration of the disputes before the court. The fact that defendant agreed to be governed by the laws of New York evidences a choice of law rather than a choice of forum. As for the provision regarding an adjudication by a court of competent jurisdiction, the court does not deem this a waiver of the right to compel arbitration, but merely a provision in the event neither party chose to arbitrate the dispute and the dispute became the subject of a law suit. There is no evidence that defendant knowingly and intentionally waived its right to arbitrate.

### CONCLUSION

Finding that there was a valid arbitration agreement, that the disputes before the court are referable to arbitration under that agreement, and that defendant has not waived its right to compel arbitration, the court GRANTS defendant's motion to stay this action pending arbitration; plaintiff's motion to stay arbitration pending a trial in this case is DENIED.

---

**5.** Under the court's alternative analysis, (*see* footnote 4, *supra*), the agreement to arbitrate found in the Uniform Application provided for arbitration of "any dispute, claim or controversy between, [plaintiff] and [defendant] ... that is required to be arbitrated under the rules, constitutions or by-laws of the organizations which [plaintiff] register[ed]." The disputes would be arbitrable under this agreement as well as it

incorporates Rule 347 of the New York Stock Exchange.

**6.** Because the court finds all of plaintiff's claims arbitrable it does not reach plaintiff's argument that the arbitrable issues are so intertwined with non-arbitrable issues that a stay of the arbitration is warranted.