Thomas P. CULLEN, Plaintiff–Appellant,

v.

PAINE, WEBBER, JACKSON & CURTIS, INC., Defendant–Appellee.

No. 88–8325

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 17, 1989.

John H. Chapman, Chapman, Moran, Hubbard & Zimmerman, Stamford, Conn., Andrew J. Ekonomou, Atlanta, Ga., for plaintiff-appellant.

Steve J. Davis, Vaughan, Davis, Birch & Murphy, Terry R. Weiss, Atlanta, Ga., for defendant-appellee.

Before VANCE, KRAVITCH and COX, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Northern District of Georgia (1) granting the motion of appellee, Paine, Webber, Jackson & Curtis, Inc. ("PaineWebber") to confirm an arbitral award procured by PaineWeb-

ber against appellant, Thomas P. Cullen, and (2) entering final judgment on that award. Finding no error in the judgment of the district court, we affirm.

I.

Appellant, a former broker-dealer of PaineWebber, sued appellee in the Superior Court of Fulton County, Georgia, seeking compensatory and punitive damages for allegedly tortious conduct of PaineWebber and for a declaration that a certain promissory note executed by Cullen in favor of PaineWebber is void. PaineWebber removed the action to the district court and, pursuant to section 3 of the United States Arbitration Act (USAA), 9 U.S.C. § 3, moved therein to stay the action pending arbitration of the dispute. The district court granted the motion and stayed further proceedings pending arbitration before an arbitral panel of the New York Stock Exchange, Inc. *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 587 F.Supp. 1520 (N.D.Ga.1984).

On June 24, 1987, following a two-day hearing, the NYSE arbitrators awarded PaineWebber $216,932.83 on the promissory note and found Cullen's tort claims meritless. On November 20, 1987, PaineWebber, pursuant to section 9 of the USAA, 9 U.S.C. § 9, moved the district court to confirm the arbitral award.[1] On December 9, 1987, appellant filed an opposition to PaineWebber's motion to confirm and a cross-motion to vacate the award under section 10 of the USAA, 9 U.S.C. § 10.[2]

---

1. Section 9 of the USAA provides in part:
    If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made....
    9 U.S.C.A. § 9 (West 1970).

2. Section 10 of the USAA provides:
    In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
    (a) Where the award was procured by corruption, fraud, or undue means.
    (b) Where there was evident partiality or corruption in the arbitrators, or either of them.
    (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehav-

The district court denied Cullen's section 10 motion on the ground that it was time barred by the three-month limitation period of section 12 of the USAA, 9 U.S.C. § 12.[3] In so doing, the court rejected Cullen's argument that section 12's limitation period does not apply to motions to vacate filed in response to section 9 motions and appellant's argument that his failure to move to vacate the award within three months should be forgiven under a judicially-fashioned, "due-diligence" exception to the language of section 12. The district court also declined to consider Cullen's arguments as "affirmative defenses" in opposition to PaineWebber's motion to confirm. The court held that Cullen was "time-barred from raising as affirmative defenses the issues he present[ed] in his untimely motion to vacate the arbitration award." Accordingly, the court granted PaineWebber's motion to confirm and entered final judgment against Cullen in the amount of $216,-932.83.

## II.

### A.

■ The first of Cullen's two arguments on appeal is that, because his challenges to the validity of the arbitral award were made as "affirmative defenses" in a memorandum in opposition to PaineWebber's section 9 motion to confirm the award as well as in his own section 10 motion to vacate, the district court erred by failing to consider those challenges and by confirming the award. This argument concedes *arguendo* that Cullen's section 10 motion was time barred by section 12 but maintains that section 12 does not reach affirmative defenses raised in opposition to section 9 motions to confirm.

Although we have never considered this issue, we are not without guidance. The Second Circuit has squarely addressed the question and emphatically held that, under the USAA, a party's "failure to move to vacate the award within the three month time provided [by section 12] precludes him from later seeking that relief when a motion is made to confirm the award." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir.1984).

At least two other Courts of Appeals have followed the Second Circuit. *Professional Administrators Ltd. v. Kopper-Glo Fuel, Inc.*, 819 F.2d 639, 642 (6th Cir. 1987) (citing, *inter alia, Florasynth, supra* ); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir.) (same), *reh'g denied*, (1986). Also, the Sixth Circuit reached the same conclusion in an action to confirm brought under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, in which the court borrowed section 12's three-month statute of limitations. *Occidental Chem. Corp. v. International Chem. Workers Union*, 853 F.2d 1310, 1317 (6th Cir.1988). Other Courts of Appeals have reached the same conclusion when borrowing state analogues to section 12 in actions under section 301 of the LMRA. *International Bro. of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox*, 826 F.2d 962, 964–66 (10th Cir. 1987) (Colorado statute); *Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Co. v. Celotex Corp.*, 708 F.2d 488, 490 (9th Cir.1983) (California statute); *Sheet Metal Workers' Int'l Ass'n, Local No. 252 v. Standard Sheet Metal, Inc.*, 699 F.2d 481, 483 (9th Cir.1983) (same); *Service Employees Int'l Union, Local No. 36, AFL–CIO v. Office Center Services, Inc.*, 670 F.2d 404, 412 (3d Cir.

---

ior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

(e) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

9  U.S.C.A. § 10 (West 1970).

**3.** Section 12 of the USAA provides in part:

Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered....

9 U.S.C.A. § 12 (West 1970).

1982) (Pennsylvania statute); *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co., Inc.,* 628 F.2d 1023, 1025 (7th Cir.1980) (Indiana statute), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981).

We adopt the reasoning of our sister courts and hold that the failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the United States Arbitration Act bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the USAA to confirm the award. Thus, the district court properly rejected appellant's affirmative defenses as time barred.

Moreover, as the courts have noted, "[a] confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the [United States] Arbitration Act." *Taylor,* 788 F.2d at 225; *see also Kopper–Glo,* 819 F.2d at 642 ("[A]n action to confirm the award should be a summary proceeding, not a proceeding in which the defendant seeks affirmative relief."); *Florasynth,* 750 F.2d at 177 ("When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to ... obtain confirmation in a summary proceeding."). Thus, not only were Cullen's affirmative defenses time barred; they were irrelevant to the issues before the district court on consideration of appellee's motion to confirm the award.

### B.

■ Cullen's second argument on appeal is that the district court erred in holding that his motion to vacate was time barred

by section 12. He asserts that his failure to file a motion to vacate within three months should be forgiven under a judicially-fashioned, due-diligence exception to the language of section 12, because, throughout the first three months after the award was issued, he and PaineWebber were engaged in settlement negotiations. He argues that his prosecution of those negotiations constituted due diligence in pursuit of his claim that the award was invalid as issued, and he concludes that his diligence required the district court to grant him an exception to section 12's three-month limitations period.

We are unpersuaded. Although some courts have considered the possibility that a due-diligence exception to section 12 might be granted in some circumstances, appellant cites no case in which such an exception has been granted.[4] We need consider neither the contours nor the existence of such an exception, for, even if an exception might be proper in some circumstances, Cullen has alleged insufficient facts to demonstrate that he was prevented by the pendency of negotiations from filing a timely section 10 motion or that PaineWebber would have ceased to negotiate if Cullen had moved to vacate the award. It is clear that allowing section 12's three-month window of opportunity to slip away simply because settlement negotiations, no matter how promising, are under way falls considerably short of due diligence.

■ Accordingly, the judgment of the district court is AFFIRMED.[5]

**4.** In *Taylor, supra,* cited by appellant as having "noted" the existence of a due-diligence exception, the Fourth Circuit emphatically "d[id] not consider ... whether due diligence ... [is a] proper exception[ ] to the limitations period prescribed by the [United States] Arbitration Act, for ... [the party in that case] did not, in any event, act with due diligence." 788 F.2d at 225.

**5.** Although we find appellant's arguments meritless and affirm the judgment of the district court, the appeal presents an issue of first impression in this circuit and is not so baseless as to be frivolous. We therefore decline appellee's invitation to impose sanctions under Fed.R. App.P. 38.