Bernice SOMMERS, as Executrix Of
The Estate Of Sheldon Charles
Sommers, Deceased, Appellant,

v.

Wendy SOMMERS, Mary Lee Sommers
Gosz, and Julie Sommers Neuman,
Appellees.

No. 49A02–0710–CV–916.

Court of Appeals of Indiana.

Dec. 29, 2008.

Alan J. Irvin, Peter H. Donahoe, Gilday Donahoe & Irvin, P.C., Indianapolis, IN, Attorneys for Appellant.

Robert K. Stanley, Kathy L. Osborn, Baker & Daniels LLP, Indianapolis, IN, Attorneys for Appellees.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant Bernice Sommers, as executrix of the Estate of Sheldon Charles Sommers, (the "Estate") appeals the trial court's confirmation of an arbitration award in favor of Appellees Wendy Sommers, Mary Lee Sommers Gosz and Julie Sommers Neuman (collectively the "Nieces"). We affirm.

### Issues

The Estate raises two issues that we restate as:

I.  Whether the trial court erred in ordering the parties to arbitration; and

II. Whether the arbitration award should be vacated on grounds that it violates public policy.

## Facts and Procedural History

In 2000, Dr. Sheldon Sommers sought the advice of counsel in Indiana as to planning his estate, including his collection of artwork. Dr. Sommers expressed his desire to give the artwork to his Nieces. To avoid issues with gift taxes, his Indiana counsel developed a plan where Dr. Sommers could gift the artwork to the Nieces over a two-year period through an LLC. After the artwork was appraised, the LLC was formed with Dr. Sommers owning most of the capital shares and the Nieces only owning small interests. In 2001, Dr. Sommers executed documents to transfer the artwork to the LLC and to gift some of the capital shares of the LLC to the Nieces. In January 2002, Dr. Sommers signed the second document effecting gifts of his remaining capital shares in the LLC to the Nieces. The parties agree that Dr. Sommers was competent to complete these transactions. During this time, the Nieces were Dr. Sommers's attorneys-in-fact.

When Dr. Sommers signed the gifting documents, the number of shares to be gifted to each Niece and the corresponding value on the documents were left blank. This was done because the appraisal of the LLC shares was not complete at the time of the execution of the documents. The Indiana counsel explained to Dr. Sommers before he signed the documents that the values would be filled in later according to the values in the appraisal report so as to not incur gift taxes on the transfers. The Indiana counsel filled in the blanks once the March 31, 2002 appraisal report was received.

In early 2002, Dr. Sommers retained new counsel and executed a new will. Dr. Sommers also revoked the Nieces's authority as his attorneys-in-fact. On June 4, 2002, Dr. Sommers filed a Complaint to Turn Over Property, For an Accounting By Powers of Attorneys and Conversion, challenging the validity of the LLC and the gifts of capital stock to his Nieces. On June 26, 2002, the Nieces filed a Motion to Compel Arbitration and For Partial Stay of Proceedings Pending Arbitration pursuant to the arbitration provision in the Operating Agreement of the LLC. Dr. Sommers died on November 1, 2002, and the Estate was substituted as the plaintiff. On April 19, 2004, the trial court granted the motion for arbitration as to the issues regarding the LLC and gifts of capital shares.

Thereafter the parties jointly selected an Arbitrator. Following the arbitration hearing, the Arbitrator entered an award providing that "Dr. Sommers made a valid irrevocable transfer of the twelve pieces of artwork to the LLC in December 2001" and "thereafter made valid gifts in December 2001 and January 2002 of all of his capital shares of the LLC (both voting and non-voting) to his Nieces." Appellant's Appendix at 623. The arbitration award was issued on September 27, 2005.

On October 27, 2005, the Nieces filed a Verified Motion for Entry of Final Judgment Confirming Arbitration Award, Dismissing Arbitrated Claims, and Awarding Attorneys' Fees. The Estate filed its response on February 3, 2006. After hearings on the motion to confirm on February 28 and August 28, 2006, the trial court issued its order confirming the award, dismissing the arbitrated claims, and awarding the Nieces attorney's fees and expenses. The Estate filed a motion to correct error, which the trial court denied. This appeal ensued.

## Discussion and Decision

### I. Order of Arbitration

■■ First, the Estate argues that the trial court erred in ordering arbitration because the creation of the LLC was presumptively the result of undue influence

because the Nieces were his attorneys-in-fact at the time. The Estate's argument is not timely. "An order compelling arbitration is a final, appealable order if severable from other claims in the lawsuit. Thus, a party may not contest arbitrability for the first time in its petition to vacate an arbitration award." *Angell Enters., Inc. v. Abram & Hawkins Excavating Co.*, 643 N.E.2d 362, 364 (Ind.Ct.App.1994) (internal quotations omitted). The Estate is challenging the arbitrability of its claims for the first time. Therefore, it has waived this argument because it did not appeal the trial court's order compelling arbitration.

## II. Arbitration Award as Violation of Public Policy

■ Second, the Estate contends that the arbitration award should be vacated because it violates public policy. The Nieces argue that the Estate has waived this argument because it did not make a timely motion to vacate, modify or correct the arbitration award according to the Federal Arbitration Act. We agree.

Under Section 11.01 of the Operating Agreement of the LLC, it provides that arbitration of any controversy among the members "shall be governed by the United States Arbitration Act, 9 U.S.C. Sections 1—16[.]" Appellant's Appendix at 85. Where a party seeks to vacate, modify or correct an arbitration award, Section twelve of the Federal Arbitration Act ("FAA") mandates that the party serve a motion to vacate, modify or correct upon the adverse party within three months after the award is filed or delivered. 9 U.S.C. § 12. Sections ten and eleven provide the grounds for such relief. *See* 9 U.S.C. §§ 10–11. Thus, if a party is dissatisfied with the arbitration award, he must file a motion to vacate, modify or correct within three months after the award is filed or delivered *and* establish one or more of the circumstances outlined in Sections ten and eleven. Here, the Estate never filed such a motion. Rather, the Nieces filed a motion to confirm the arbitration award.

Section nine of the FAA provides that upon a motion to confirm an arbitration award, "the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9 (emphasis added). The U.S. Supreme Court recently noted that "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assoc., L.L.C. v. Mattel, Inc.*, —— U.S. ——, ——, 128 S.Ct. 1396, 1405, 170 L.Ed.2d 254 (2008). Here, because the Estate failed to file the requisite motion and demonstrate one of the circumstances in Sections ten and eleven of the FAA, the trial court was required to confirm the award.

The Estate argues that failure to file a motion to vacate, modify or correct does not prohibit them from defending a motion to confirm with one of the prescribed exceptions in Sections ten and eleven. Federal caselaw dictates otherwise. In *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, a panel of the Eleventh Circuit followed the lead of the Second Circuit, holding that a party's failure to move to vacate, modify or correct an arbitration award within the three-month window provided by Section twelve precludes that party from later seeking such relief when opposing a motion to confirm the award. *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 853 (11th Cir.1989). The *Cullen* Court also noted that other Circuit Courts of Appeal arrived at the same conclusion in analogous scenarios involving state arbi-

tration statutes that contain similar three-month statutes of limitation. *Id.* at 853–54 (including *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co.,* 628 F.2d 1023, 1025 (7th Cir.1980) (Indiana statute)). Therefore, because the Estate failed to file a motion to vacate, modify or correct within the prescribed time it has waived these arguments in defending the Nieces's motion to confirm. The trial court properly confirmed the arbitration award.

Affirmed.

RILEY, J., and BROWN, J., concur.