359 So.2d 1340 (1978)
In the Matter of the arbitration between BACMONILA GARDEN APARTMENT, INC. and R. Grady WILLIAMS and Continental Casualty Company and Charles Ragusa and son.
No. 9272.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
Jefferson, Bryan & Gray, William J. Jefferson, New Orleans, for plaintiff-appellant.
*1341 Pittman & Matheny, Iddo Pittman, Jr., Hammond, for defendant-appellee.
Before SCHOTT, BEER and GARSAUD, JJ.
BEER, Judge.
This appeal is from district court confirmation of an arbitration award.
Bacmonila Garden Apartments, Inc. executed a contract with the firm of Charles Ragusa & Son, Inc. for certain construction work in accordance with plans provided by architect R. Grady Williams. Thereafter, alleging unworkmanlike performance of the job, Bacmonila instituted arbitration proceedings against both contractor and architect pursuant to the arbitration clauses of the respective contracts with each. A settlement was reached between Bacmonila and the architect, Williams, and that is not before us. However, in their response to the allegations of Bacmonila, Ragusa counterclaimed against them and their architect, Williams, contending that Ragusa was entitled to:
1. $10,400.00, the balance of an escrowed sum to be withheld pending correction of certain deficiencies, which Ragusa alleged to have corrected;
2. $28,370.10, the cost of fire balconies which were not included in the original plans and which were added only after work had begun, but which were authorized by an approved change order;
3. $2,124.00, the cost of ninety steel columns not in the original plans, needed to support sagging galleries, and allegedly approved by owner in a change order; and
4. $3,000.00, the cost of an increase in size of the laundry room. (It is not alleged that a change order was approved on this item.)
As a result of the arbitration proceedings, the panel of arbitrators found that deficiencies in the building resulted from "the ineptness, lack of supervision, miscalculations and defective design of the architect, R. Grady Williams." The arbitrators expressly concluded that "there was no demonstrable fault proven against the contractor, who attempted to construct the apartment complex to the best of his ability in accordance with the plans and specifications as provided by the architect on behalf of the owner."
Thereupon, the arbitrators awarded Ragusa $40,894.10, which award was clearly based upon their approval of the first three claims listed above. This precipitated Bacmonila's district court suit and, subsequently, this appeal.
An action to vacate an arbitration award must be founded on one of the four narrowly delineated grounds described in La.R.S. 9:4210. Appellant, Bacmonila, contends that the award in this case was made in violation of La.R.S. 9:4210(D), which provides for vacation of same "where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
Though appellants strenuously contend that "the arbitrators exceeded their power by disregarding the contract of the parties in several respects," the thrust of their argument centers at the contention that any dispute regarding the change orders should not be governed by the arbitration provisions of the original contract. But this begs the question since the arbitrators have, quite obviously, made factual determinations regarding the validity and effectiveness of the change orders and have, in accordance therewith, reached conclusions regarding the change orders which are properly within their purview and ambit of consideration as arbitrators.
While couching its argument in terms of the arbitrators having exceeded their authority, appellant actually seeks to have us review the merits of the case. Well settled jurisprudence provides no authority for us to take such action. See Firmin v. *1342 Garber, 353 So.2d 975 (La.1977). Accordingly, the trial court's confirmation of the award of the arbitrators is affirmed at appellant's cost.
AFFIRMED.