480 So.2d 901 (1985)
NORTH CENTRAL UTILITIES, INC., Plaintiff-Appellant,
v.
EAST COLUMBIA WATER DISTRICT, Defendant-Appellee.
No. 17395-CA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1985.
*902 Joe D. Guerriero, Monroe, for plaintiffappellant.
Minard & Mixon by Cameron C. Minard, Columbia, for defendant-appellee.
Before JASPER E. JONES, SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The plaintiff, North Central Utilities, Inc., appeals the trial court's dismissal of its action to obtain a judgment recognizing an award by the American Arbitration Association in its favor and against the defendant, East Columbia Water District. Finding that the trial court erred in failing to confirm the arbitration award, we reverse.
The plaintiff and defendant entered into a contractual agreement for the extension and improvement of the water system in the East Columbia District on June 15, 1981. At the conclusion of the plaintiff's work for the defendant approximately one year later, the plaintiff claimed extra work had been performed and additional costs expended for which it was not responsible and for which it should be compensated. This included "down time" occasioned by the lack of certain right-of-way permits and the cost of construction materials needed to complete the project. This work was not specifically set forth in the original contract or authorized by change order. The plaintiff had notified the defendant of these claims and had requested a meeting to discuss these claims. The plaintiff had also requested that a change order be issued to cover these additional costs; however, the project engineer denied the request stating that until a detailed justification and specific cost breakdown was provided to them, they would not be able to obtain approval for a change order. There was a final acceptance of the project in the fall of 1982 based on the engineer's Certificate of Substantial Completion and when no action was taken with respect to the plaintiff's claims for additional costs, the plaintiff notified the defendant of its intention to resolve this issue through arbitration pursuant to the contract between the parties. Section A4-30.1 of this contract provided that:
All claims, disputes and other matters in question arising out of, or relating to, the CONTRACT DOCUMENTS or the breach thereof, except for claims which have been waived by the making and acceptance of final payment as provided by Section A4-20 shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrator shall be final, and judgment may be entered upon it in any court having jurisdiction thereof.
The plaintiff then submitted a formal demand for arbitration with the American Arbitration Association claiming $30,171.16 for additional construction days earned under the contract and performance of repair work for which plaintiff was not responsible. The Tribunal Administrator of the American Arbitration Association notified the defendant of the plaintiff's demand for arbitration and enclosed a copy of the Construction Industry Arbitration Rules and a list of potential arbitrators. The parties were further notified of the proceedings and a hearing date was set for February 21, 1983 in West Monroe. On that date, the plaintiff, its witnesses, and the arbitrator appeared for the hearing; however the defendant did not appear. The defendant also had not answered any of the correspondence from the American Arbitration Association. After hearing the plaintiff's evidence, the arbitrator took the matter under advisement and on March 4, 1983 awarded the plaintiff $25,061.72 in settlement *903 of the claims submitted to arbitration. This award against the defendant also included payment of the arbitration costs.
The plaintiff then petitioned the trial court to recognize this award. The defendant filed an exception of no cause or right of action. After a hearing on June 2, 1983 the trial court, after considering the evidence which was admitted subject to the plaintiff's objections, accepted the defendant's contention that its representatives had not been put on notice as to the claims they had to defend against. The court found that the defendant had never been furnished with an itemized invoice of the amounts the plaintiffs were claiming. The court then dismissed the plaintiff's petition.
The judgment on the exception was then appealed by the plaintiff to this court. In North Central Utilities, Inc. v. East Columbia Water District, 449 So.2d 1186 (La. App.2d Cir.1984) the trial court's ruling was reversed, this court holding that the matters raised by the defendant went to the merits of the case and were irrelevant for purposes of determining whether plaintiff's petition stated a right or cause of action. The case was remanded to the district court for further proceedings. A hearing was then held on September 17, 1984 in the district court. After hearing the evidence and accepting the transcript of the hearing on the exception of no cause or right of action, the trial court declined to recognize the arbitration award and again dismissed the plaintiff's suit.
In its written reasons for judgment, the trial court found that the plaintiff's demand for $30,171.16 was for matters "above and outside the contract." The court stated that this demand for compensation was for work that was not included in the original contract and was never approved by change order, therefore, there was no dispute between the parties that was subject to arbitration under the provisions of the contract. The court also found the defendant had filed a final acceptance and that a check had been issued in complete payment of all the work done on the contract. The court noted that pursuant to another provision in the contract, there was no work "excepted" by the plaintiff in the final settlement as having been performed and not paid for; thus, the plaintiff had forfeited any right to arbitration. The plaintiff now appeals, contending that the trial court's judgment should be reversed. The plaintiff argues that it properly complied with the contract terms in seeking and obtaining relief through arbitration. Under the Louisiana Arbitration Law, the plaintiff's contention is correct and the award of the American Arbitration Association should have been confirmed.
The contract between the parties in this case specifically provided for arbitration of "all claims, disputes and other matters in question arising out of, or relating to, the CONTRACT DOCUMENTS...." There were no disputes over the existence of this clause in the contract and no arguments were raised in either of the lower court hearings concerning its validity. The plaintiff showed, through testimony and evidence of correspondence from the American Arbitration Association to the parties, that the proper procedures were followed in submitting its claims for arbitration, in notifying the parties of the arbitration proceedings, and in obtaining the arbitration award after presenting evidence of its claim to the selected arbitrator.
At the hearing on the plaintiff's petition to confirm and recognize the arbitration award, the trial court heard evidence relating to the defendant's claims as to why the arbitration award should not be recognized. However, the defendant did not file any responsive pleadings and, therefore, did not set forth any affirmative defenses. The Louisiana Arbitration Law is set forth in LSA-R.S. 9:4201 et seq.
LSA-R.S. 9:4209 provides that:
At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. *904 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof. (emphasis supplied)
Therefore, in order to vacate an award, the opponent of the award must allege and prove the existence of at least one of the grounds for vacation of arbitration awards outlined in LSA-R.S. 9:4210. This statute provides:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
Arbitration is a mode of settling differences through the investigation and determination by one or more individuals appointed for that purpose. The object of arbitration is the speedy disposition of differences through informal procedures without resort to court action. Housing Authority v. Henry Ericsson Co., 197 La. 732, 2 So.2d 195 (1941).
It is well-settled in both state and federal courts that an award may be challenged only on the grounds specified in the applicable arbitration statute. The court cannot substitute its conclusion for that of the arbitrator. In the furtherance of the purpose and intention of arbitration, the scope of judicial review as to the findings and conclusions of an arbitrator is severely restricted and the courts have consistently respected this limitation. Accordingly, a court does not ordinarily sit in an appellate capacity to an arbitration panel, but confines its determination to whether there exists one or more of the specific grounds for impeachment as provided for under the applicable statute.
The defendant in this case did not specifically plead any of the above grounds to vacate the arbitration award. Once an arbitrator has made an award, the burden is on the defendant to make an application to the trial court by answer or motion setting forth a factual basis under any of the statutory grounds of LSA-R.S. 9:4210 which would justify a vacation of the arbitration award. Although the hearing on an application or petition to confirm an arbitration award is a summary proceeding, if affirmative defenses are to be raised in such a hearing, they are specifically regulated by LSA-R.S. 9:4210. This was recognized by the Supreme Court in Firmin v. Garber, 353 So.2d 975 (La.1977), where it was stated that "It is well-settled in both state and federal courts that an award may be challenged only on the grounds specified in the statute. The court cannot substitute its conclusion for that of the arbitrator." (citations omitted)
In addition to the prohibition against a trial court substituting its conclusion for those of the arbitrator, a court's review of the merits of an arbitrator's decision is severely restricted. Allen v. A & W Contractors, Inc., 433 So.2d 839 (La. App.3d Cir.1983), writ denied 438 So.2d 578 (La.1983); National Building and Contracting Company, Inc. v. Lafourche Parish Police Jury, 381 So.2d 867 (La.App.1st Cir.1980) writ denied 385 So.2d 268 (La. 1980); Matter of Bacmonila Garden *905 Apartments, Inc., 359 So.2d 1340 (La. App.4th Cir.1978).
In Matter of Bacmonila Garden Apartments, supra, an appeal was taken from the district court's confirmation of an arbitration award. The Fourth Circuit reiterated the requirement that an action to vacate an arbitration award must be founded on one of the four narrowly delineated grounds prescribed by LSA-R.S. 9:4210. Although the appellant presented the argument that the arbitrators had exceeded their authority under LSA-R.S. 9:4210(D), the appellate court found that the appellant was actually seeking a review of the merits of the case. The appellant's argument centered on its contention that any dispute regarding the change orders in that case should not be governed by the arbitration provisions of the original contract. The appellate court found this argument invalid as the arbitrators had already made factual determinations regarding the validity and effectiveness of change orders and thus had reached conclusions regarding the change orders which were properly within "their purview and ambit of consideration as arbitrators."
In National Building and Contracting Company, Inc., supra, the First Circuit Court of Appeal upheld the district court's confirmation of an arbitration award in favor of the plaintiff. The plaintiff claimed money in excess of the contract price to cover additional costs which it attributed to the defendant's failure to supply utilities at the job site. The defendant sought to attack the award in favor of the plaintiffs for these sums on grounds stated in LSA-R.S. 9:4210(D). The appellate court stated at page 868:
We affirm the holding of the district court, finding as did the district court, that the Police Jury failed to carry its burden of proving the arbitrators exceeded their powers or imperfectly executed them. The arbitrators obviously addressed the questions of procedural arbitrability presented by the Police Jury. These questions related to the contentions that National waived its right to arbitrate by accepting final payment under the contract, and the demand to arbitrate was premature because National did not first present its claim to the architect. These questions were properly within the scope of the arbitrator's powers. Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La. 1974).
In a suit to enjoin an arbitration proceeding, this court reached similar conclusions in Willis Knighton Medical Center v. Southern Builders, Inc., 392 So.2d 505 (La.App.2d Cir.1980). The contract between the parties in that case provided for arbitration of "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof." The defendant's claim for arbitration sought to recover money expended in correcting work which was not in compliance with contract specifications. The plaintiff-appellant sought to enjoin arbitration by contending that the contract did not require arbitration of those matters. This court found that the trial court correctly denied the plaintiff's application for a preliminary injunction enjoining arbitration as this was a "dispute arising out of" the contract. This court also refused to address the plaintiff's contention that the defendant waived its right to arbitration by accepting final payment, stating that "[s]uch issues of procedural arbitrability should not be decided by the courts without first having been submitted to the arbitrator," citing Bartley, Inc., supra, and National Building and Contracting Company, Inc., supra.
In the instant case, and even though defendant was given proper notice, the defendant chose to ignore the arbitration proceedings. Having chosen to ignore the arbitration proceedings, the defendant has failed to make or obtain a record of these proceedings upon which it could base a claim that the award should be vacated under LSA-R.S. 9:4210. As stated heretofore, the burden was on the defendant to substantively establish that the arbitrator's *906 award should be vacated, and this the defendant has failed to do.
In the trial court, the defendant defended this action contending that plaintiff had waived its right to arbitration by accepting full payment, and by asserting that the arbitrator awarded sums which were "outside the contract." However, these contentions are matters of procedural arbitrability which we assume were considered by the arbitrator in his determination that plaintiff was entitled to an award.
The defendant has not made an adequate showing that the arbitrator's award should be vacated under the provisions of LSA-R.S. 9:4210. Thus, the trial court, in reviewing and examining the evidence before it, allowed the merits of the dispute to be relitigated. The trial court then substituted its own conclusion for that of the arbitrator. This is contrary to the settled jurisprudence of this state.
The issues raised by defendant were properly within the scope of the arbitrator's power to consider, and he apparently did so in reaching his decision to award the plaintiff a sum in settlement of the dispute.
We conclude the trial court erred in vacating the arbitration award in light of defendant's failure to carry its burden of proving that the award should be vacated for any of the reasons enumerated in LSA-R.S. 9:4210. Accordingly, the trial court's judgment dismissing the plaintiff's petition to confirm the arbitration award is reversed, and it is ordered that the award of the arbitrator be recognized and confirmed, made a judgment of this court, and it is ordered, adjudged and decreed that defendant-appellee, East Columbia Water District, pay unto plaintiff-appellant, North Central Utilities, Inc., the full sum and amount of $25,061.72, plus all administrative fees and expenses incurred by plaintiff-appellant with the American Arbitration Association, plus all costs in this court and in the court below.
REVERSED.