hMARVIN, Chief Judge.
In these consolidated actions for judicial review of an arbitrator’s $12,000 award in favor of the homeowners against the building contractor, and after the arbitrator denied the parties’ joint request to amend the award for mathematical reasons, the homeowners sought to have the award confirmed and the contractor moved for modification of the award. La. R.S. 9:4209, 4211. The contractor’s motion was filed more than three months after the award was initially made, causing the homeowners to assert that the motion was untimely under La. R.S. 9:4213.
The trial court modified the award to reflect a net recovery of $10,000 by the contractor against the homeowners, on findings that the contractor’s motion was timely and that the arbitrator’s award contained an “evident material miscalculation of figures,” one of the limited grounds for judicial modification of an arbitrator’s award under § 4211.
On this record, we affirm.
ARBITRATION CLAIMS
The contractor, Kirby Cole, and the homeowners, Dr. and Mrs. Laurence Hiller, agreed in their 1993 building contract to submit any disputes arising under the contract to arbitration. In his demand for arbitration filed in May 1996, Cole sought $16,310 for “nonpayment of construction re-tainage” and $16,711 for “painting overage,” for a total of $33,021.
The Hillers filed a counterclaim seeking $50,000 in damages for the “inconvenience, frustration and loss of favorable interest rate” caused by Cole’s delay in completing construction of their home. These demands, along with the demands of the architect, Ben Patterson, against the Hillers, were submitted to an arbitrator associated with the American Arbitration Association’s Construetion |2Industry Arbitration Tribunal, who conducted a three-day hearing in the fall of 1996.
ARBITRATOR’S AWARD
In his award dated October 31, 1996, the arbitrator ordered the Hillers to pay their architect, Patterson, $24,000. That award is not at issue in this appeal.
*453 Addressing Cole’s claim against the Hillers for $33,021 in construction costs, the arbitrator found that Cole was entitled to roughly one-third of the amount claimed, or $10,063. This amount consisted of $6,000 for “Painting Overage” (out of Cole’s total claim of $16,711) and $4,063 for “Retainage” (initial claim of $16,310, less two credits totaling $12,247: $5,900 for “Lumber Allowance” and $6,347 for “Punch List Items”).
After denying in its entirety the Hillers’ claim against Cole for damages associated with the construction delays, the only demand asserted in the Hillers’ counterclaim according to this record, the arbitrator determined that Cole owed the Hillers $22,958 “for their counterclaim.” Two of the three sums comprising this award consist of the same sums credited to the Hillers in calculating the award to Cole: $5,900 for “Lumber allowed reduction in contract amount” and $6,347 for “Punch List costs allowed.” The remaining $10,711 of the award to the Hillers was determined to be for “Painting Overage allowed,” and represents the difference between Cole’s total painting overage claim of $16,711 and Cole’s $6,000 recovery for this item.
Subtracting the $10,063 award in Cole’s favor from the $22,958 award in favor of the Hillers, the arbitrator ordered Cole to pay the Hillers $12,895 “for their counterclaim.” This award, like the $24,000 award in favor of the architect Patterson, was to be paid “on or before thirty (30) days from the date of this Award,” October 31,1996.
|3We reproduce and supplement with bracketed notations the arbitrator’s itemization of the respective amounts determined to be owed by the Hillers to Cole and by Cole to the Hillers:
$10,063.27 owed by the Hillers to Cole, consisting of: •
$ 6,000.60 Painting Overage [out of Cole’s total claim of $16,-711.60], and
[4,062.67 Construction Retainage, calculated as follows:]
$16,309.67 Retainage [total amount claimed]
- 5,900.00 Less Lumber Allowance
- 6,347.00 [Less] Punch List Items.
$ 22,958.00 owed by Cole to the Hillers:
Denied The request for compensation due to November closing in lieu'of Spring 1994
Denied The request for paying closing costs twice
$ 6,347.00 Punch List costs allowed
5,900.00 Lumber allowed reduction in contract amount, and
10,711.00 Painting Overage allowed [difference between Cole’s total claim of $16,711.60 and above award of $6,000.60 to Cole].
JOINT REQUEST FOR MODIFICATION BY ARBITRATOR
On November 20, 1996, Cole and the Hil-lers, through their respective attorneys, sent a letter to the American Arbitration Association jointly requesting that the arbitrator review his award, which the parties described as “quite confusing,” and amend the award “for mathematical reasons.” The letter explained:
The “award” as originally drafted gave the Hillers credit for the lumber allowance of $5,900.00, and the punch list items of $6347.50 [sic] [should be $6347.00] twice. Also, as originally drafted, the “award” in favor of Cole for the “painting overage” was only $6,060.00 [sic] [should be $6,000.60] yet provided a credit to the Hil-lers for “painting overage allowed” of $10,-711.00. The Hillers did not pay any of the painting allowance at all.
If this is what [the arbitrator] intended, then the net result would be an award in favor of Kirby Cole in the,amount of $10,-063.27 [the amount determined to be owed by the Hillers to Cole], with there being no award in Lfavor of the Hillers in excess of the credits given [in calculating the award to Cole],
... With a desire to clear up any confusion and to ascertain [the arbitrator’s] true intentions, we are requesting that the original award be reviewed to correct any possible defects in it.
(Italics in original; boldface supplied.)
The letter did not question the arbitrator’s calculation of the $24,000 owed by the Hillers to Patterson, the architect, but noted that that sum was to be paid within 30 days of the October 31, 1996 award, and requested the arbitrator’s “immediate attention ... to see if the confusion surrounding [the Cole-Hiller] award can be cleared before this 30 day period has run.” Emphasis in original; brackets supplied.
On January 24,1997, the arbitrator formally denied “the request for modification of the Award,” without reasons. Notice of the deni *454 al was sent to counsel for all parties on the same day.
COURT PROCEEDINGS
La. R.S. 9:4211 allows a court to modify or correct an arbitrator’s award on limited grounds, including “Where there was an evident material miscalculation of figures ... in the award.” Notice of a motion to modify or correct an award “shall be served upon the adverse party or his attorney within three months after the award is filed or delivered, as prescribed by law for service of a motion in an action ....” § 4213; emphasis supplied. For purposes of this appeal, the litigants treat the date of signing of the arbitrator’s award, October 31, 1996, as the date when the award was “filed or delivered.”
A motion to confirm an arbitrator’s award may be filed “within one year after the award is made.” § 4209.
Cole filed his motion to modify or correct the award on April 22, 1997, within three months after the arbitrator denied the joint request to modify the | saward on January 24, 1997 but more than three months after the award was “filed or delivered” on October 31, 1996.
On April 23, 1997, in a separate action, the Hillers filed their motion to confirm the award and objected to Cole’s motion to modify as untimely under § 4213.
The motions were consolidated and submitted to the trial court on the documentary evidence mentioned above: Cole’s demand for arbitration, the Hillers’ counterclaim, the arbitrator’s award, the joint request that the arbitrator amend the award for mathematical reasons, and the arbitrator’s denial of the request for modification. No other particulars of the proceedings before the arbitrator appear in this record.
TRIAL COURT FINDINGS
Noting the strong public policy favoring arbitration as an alternative to litigation of disputes, and the general rule that prescriptive statutes are to be strictly construed against prescription, the trial court concluded that the three-month period for seeking judicial modification of the October 31, 1996 award did not commence until January 24, 1997, when the arbitrator denied the joint request to amend the award for mathematical reasons. Considering that the Hillers “acted in concert with Cole to seek clarification and correction of [the award] ... in their favor,” the court found it would be “patently unfair to now prevent Cole from seeking judicial relief.”
On the merits of the motions, the trial court found that the arbitrator’s award contained “several evident material miscalculations of figures”:
[The arbitrator] evidently credited the Hil-lers twice for the [$5,900] lumber allowance and [the $6,347] punch list items when ... calculating the award for the Hillers ... since he had already subtracted these sums from what was owed [by the Hillers] to Cole.
L[In the joint letter sent to the arbitrator] by counsel for both parties ... [t]he parties wrote that the “award as originally drafted gave the Hillers credit [for these two items] twice.” In reference to the [$10,711] credit the Hillers received for [a third item,] the painting overage, [their attorney] admitted [in the joint letter] that his clients did not pay for any of the painting allowance. Additionally, both attorneys characterized the award as “confusing.”
(Italics in original; brackets supplied.)
The three items mentioned — the lumber allowance, the punch list items and the painting overage — total $22,958, the gross amount that the arbitrator calculated as being owed by Cole to the Hillers. The arbitrator subtracted from that sum the $10,063 which he determined was owed by the Hillers to Cole to arrive at the net award of $12,895 to the Hillers.
The trial court agreed with Cole that the entirety of the gross amount deemed recoverable by the Hillers from Cole was based on material miscalculations by the arbitrator. No mathematical error was alleged in the arbitrator’s determination that the Hillers owed Cole $10,063.
Denying the Hillers’ motion to confirm the arbitrator’s award and granting Cole’s mo *455 tion for modification, the trial court modified the award by ordering that the Hillers pay Cole the sum of $10,063. The Hillers appeal, questioning the trial court’s ruling on the timeliness of Cole’s motion and the propriety of the court’s modification of the award.
TIMELINESS OF COLE’S MOTION
The Hillers do not dispute that they joined in the November 20,1996 letter to the arbitrator “requesting that the award be reviewed for possible defects.” They note, however, that the letter contains no express extension of the period for seeking judicial modification of the award. They further contend such an extension cannot fairly be implied from the letter, which notes the 30-day period allowed by the arbitrator for payment of the October 31, 1996 awards to Patterson |7and to the Hillers and seeks the arbitrator’s “immediate attention ... to see if.the confusion surrounding [the Cole-Hiller] award can be cleared before this 30-day period has run.” According to the Hillers, the letter “clearly showed that counsel for Cole understood that the award of October 31,1996 was final and had to be paid within 30 days.”
The latter argument overlooks the distinction between the delay for executing a judgment or an award and the delay for appealing or otherwise seeking review of the award. As noted in Silk v. Silk, 29,864 (La. App.2d Cir. 9/24/97), 699 So.2d 1175, a judgment or an award may in some circumstances be executable, at least provisionally, before it becomes definitive or conclusive of the rights of the litigants. Here, the arbitrator’s order that the awards be paid within 30 days establishes the time for execution of the awards, but does not alter or negate the statutory three-month period for seeking judicial modification of the award. La. R.S. 9:4213. The reference in the joint letter to the 30-day period for execution of the award simply has no bearing on the time allowed by law for Cole to seek judicial review of the award.
The arbitrator’s award as initially made contained what appeared to both parties to be an “evident material miscalculation of figures,” one of the grounds for judicial modification of the award under § 4211. The Hil-lers, who would have benefited from the apparent error, joined with Cole in requesting correction of the error by the arbitrator. Had that request been granted, Cole’s motion for judicial modification of the award to correct the apparent mathematical error would have been unnecessary. Cole filed his motion within three months after the joint request was denied. Under the circumstances of this record, we cannot say. the trial court erred in finding Cole’s motion timely under § 4213.
| «See and compare Harry Hoffman Printing, Inc. v. Graphic Communications, 912 F.2d 608 (2d Cir.1990). In that case, Néw York statutes expressly allowed a party in an arbitration proceeding to request that the arbitrator modify the award, but did not address the effect of such a request on the 90-day period for seeking, judicial modification of the award. The court concluded that the delay did not begin to run until the arbitrator denied one party’s application to modify the award.
MATERIAL MISCALCULATIONS
The Hillers contend the trial court’s modification of the arbitrator’s award should be reversed and the original award confirmed. They note that the court’s role in reviewing an arbitrator’s award is simply to determine whether one or more of the limited statutory grounds for modification of the award are present. The reviewing court may not substitute its factual or legal conclusions for those of the arbitrator. St. Tammany Manor v. Spartan Bldg. Corp., 509 So.2d 424 (La.1987); North Central Utilities, Inc. v. East Columbia Water District, 480 So.2d 901 (La.App. 2d Cir.1985), writ not considered; Hillv. Cloud, 26,391 (La.App.2d Cir. 1/25/95), 648 So.2d 1383, writ not considered.
The Hillers do not dispute that § 4211 authorizes , a court to modify an arbitrator’s award when the award contains an “evident material miscalculation of figures.” They argue, however, that no such miscalculation exists here, emphasizing that the arbitrator expressly declined to modify the award after his attention was called to the same potential mathematical errors asserted in Cole’s motion for judicial modification.
*456 The term “evident material miscalculation of figures” in § 4211 has been construed to mean a miscalculation “akin to an arithmetical error,” as distinguished 19from an error in the factual or legal conclusions underlying the arbitrator’s award. St. Tammany Manor, supra, 509 So.2d at 427.
An “evident material miscalculation of figures” also serves as a ground for modification of an arbitrator’s award under the Federal Arbitration Act, 9 U.S.C. § 11. Modification on the basis of a material miscalculation is appropriate when the arbitrator’s award grants a party double recovery of a particular item of damages. Eljer Mfg., Inc. v. Kowin Development Corp., 14 F.3d 1250 (7th Cir.1994), cert. denied.
An arbitrator’s award may not be modified or vacated on the basis of the arbitrator’s resolution of disputed facts. Firmin v. Garber, 353 So.2d 975 (La.1977); Hill v. Cloud, supra; National Post Office v. U.S. Postal Service, 751 F.2d 834 (6th Cir.1985). The court may, however, vacate an award founded on a material mistake of undisputed fact unless the party opposing the motion to vacate offers an alternative rational explanation for the award based on the evidence before the arbitrator. National Post Office, supra; Valentine Sugars, Inc. v. Donau Corp., 981 F.2d 210 (5th Cir.1993), cert. denied; Electronics Corp. of America v. Int’l Union of Electrical Workers, 492 F.2d 1255 (1st Cir.1974).
As mentioned, the appellate record before us includes only limited portions of the arbitration proceedings. The arbitrator’s award, on its face, appears to grant the Hillers double recovery for the $5,900 lumber allowance and the $6,347 in punch list items, as these amounts were included in the calculation of what Cole owes the Hillers and subtracted from the calculation of what the Hillers owe Cole. The Hillers have not offered an alternative rational explanation for the duplication of these awards, either in the joint letter to the arbitrator or at any stage of the court proceedings.
| iqAs to the remaining component of the $22,958 gross award to the Hillers, the $10,711 for “Painting Overage allowed,” it appears that the arbitrator awarded the Hil-lers the difference between the total amount of Cole’s painting overage claim ($16,711) and the amount Cole actually recovered on that claim ($6,000). According to this record, however, the Hillers did not seek to recover any painting expenses from Cole in their counterclaim. They admitted in the joint letter to the arbitrator that they “did not pay any of the painting allowance at all.” They offer no alternative factual basis to support the $10,711 award.
In their counterclaim against Cole, the Hil-lers sought damages only for their “inconvenience, frustration and loss of favorable interest rate” associated with the construction delays. The arbitrator denied these claims in their entirety.
The Hillers obviously objected to, and were partially successful in defending against, the total amounts claimed by Cole for construction retainage and painting overage, as the arbitrator awarded Cole only about one-third of what he claimed. The Hillers did not allege, however, and the record does not otherwise suggest, that they sought to recover any out-of-pocket expenses or damages from Cole for specific construction costs such as lumber, painting or punch list items.
In modifying the arbitrator’s award, the trial court did not disturb the arbitrator’s findings that (a) Cole was entitled to recover $6,000 for painting overage, rather than the $16,711 he claimed; (b) Cole was entitled to recover the full amount of his construction retainage claim, $16,310, less two credits in favor of the Hillers: $5,900 for lumber allowance and $6,347 for punch list items; and (c) the Hillers were not entitled to any delay damages. The net result of these findings is a $10,063 award in Cole’s favor, as the trial court determined, rather than a $12,895 award in favor of the Hillers, as the arbitrator ordered.
_]nConsidering the record as a whole, and notwithstanding that the arbitrator declined to modify the award to correct the same mathematical errors asserted in Cole’s motion for judicial modification of the award, we find no error in the trial court’s modification *457 of the award to correct the arbitrator’s material miscalculations.
DECREE
At the cost of the Hillers, the judgment is AFFIRMED.
APPLICATION FOR REHEARING
Before MARVIN, C.J., and NORRIS, HIGHTOWER, BROWN and WILLIAMS, JJ.
Rehearing denied.