CRAIN, J.
J. Reed Constructors, Inc., appeals a judgment confirming an arbitration award in favor of St. George Fire Protection District No. 2. We affirm.
FACTS
J. Reed and St. George entered two construction contracts that subjected disputes between them to binding arbitration. A dispute arose after J. Reed allegedly failed to substantially complete the contracts on time. Specifically, J. Reed contested St. George's assessment of liquidated damages and claims for additional amounts for breach of warranty. The matter was submitted to arbitration, and the arbitrator awarded St. George $58,865.00 for damages and fees.
St. George timely petitioned the trial court to confirm the arbitration award, pointing out that the three-month period for a party to request that the award be vacated, modified, or corrected, had lapsed. J. Reed answered the petition and opposed confirmation. J. Reed disagreed with, but did not contest, the arbitrator's award of $17,205.00 for defective work and removal of a septic tank. Rather, J. Reed objected to confirming $41,660.00 for architect and attorney fees. J. Reed claimed St. George neither sought nor pled entitlement to those fees in any pleading, that those issues were beyond the scope of what was submitted to the arbitrator, and that the award of those amounts was illegal. J. Reed acknowledged not filing a motion to modify the arbitration award within three months pursuant to the Louisiana Binding Arbitration Law, but argued "[w]hat cannot be used as a sword can be used as a shield," and that it was not prohibited from raising its objection as an affirmative defense in answer to the petition. St. George responded, asserting the request for modification of the arbitration *148 award was untimely and should not be considered. Alternatively, St. George argued that J. Reed's claims should be denied.
The trial court rejected J. Reed's arguments and confirmed the arbitration award. J. Reed now appeals, contending the trial court committed error in confirming the architect and attorney fee awards.
DISCUSSION
As a matter of public policy, Louisiana strongly favors arbitration; therefore, arbitration awards are presumed valid. See La. R.S. 9:4201 ; National Tea Co. v. Richmond , 548 So.2d 930, 932 (La. 1989) ; Duhon v. Activelaf, LLC, 16-0818 (La. 10/19/16), --- So.3d ----, ---- (2016 WL 6123820). A court may vacate, modify, or correct an arbitration award, but only for the exclusive grounds specified in Louisiana Revised Statutes 9:4210 and 4211, which notably do not include errors of fact or law.[1] Crescent Property Partners, LLC v. American Mfrs. Mut. Ins. Co., 14-0969 (La. 1/28/15), 158 So.3d 798, 804. Courts ordinarily do not sit in an appellate capacity over an arbitration panel and are not entitled to substitute their judgment for that of the arbitrators chosen by the parties. Crescent Property Partners, LLC , 158 So.3d at 804. Instead, the court's determination is limited to whether the party attacking the award has proven one or more of the specific statutory grounds for invalidation. Crescent Property Partners, LLC, 158 So.3d at 804.
Louisiana Revised Statute 9:4209 pertinently provides:
At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211.
Further, Louisiana Revised Statute 9:4213 specifies that "Notice of a motion to vacate, modify, or correct an award shall be served upon the adverse party or his attorney within three months after the award is filed or delivered, as prescribed by law for service of a motion in an action."[2]
It is undisputed that J. Reed did not file or assert any challenge to the arbitration award within three months of the award's rendition. Instead, J. Reed argues that it can raise its challenge as an affirmative defense to the confirmation of the arbitration award.
*149 Our interpretation of the relevant statutory language is guided by well-established rules of statutory construction. Legislation is the solemn expression of legislative will; thus, the interpretation of legislation is primarily the search for legislative intent. In re Succession of Boyter, 99-0761 (La. 1/7/00), 756 So.2d 1122, 1128. The starting point for interpretation of any statute is the language of the statute itself, as the text of the law is the best evidence of legislative intent. See La. R.S. 1:4 and 24:177B(1); Rando v. Anco Insulations, Inc., 08-1163 (La. 5/22/09), 16 So.3d 1065, 1075.
All laws pertaining to the same subject matter must be interpreted in pari materia, or in reference to each other. See La. Civ. Code art. 13 ; Pierce Foundations, Inc. v. Jaroy Const., Inc., 15-0785 (La. 5/3/16), 190 So.3d 298, 303. The legislature is presumed to have acted with deliberation and to have enacted a statute in light of the preceding statutes involving the same subject matter. See La. R.S. 24:177C; Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 06-0582 (La. 11/29/06), 943 So.2d 1037, 1045. Where it is possible, courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter. Holly & Smith Architects, Inc., 943 So.2d at 1045 ; Malus v. Adair Asset Mgmt., LLC, 16-0610 (La. App. 1 Cir. 12/22/16), 209 So.3d 1055, 1060.
Although J. Reed frames its argument as an attempt to limit confirmation of the award by means of an affirmative defense, the result sought is that the award be vacated, modified, or corrected. Section 4209 specifies that this may only be accomplished pursuant to Sections 4210 and 4211. Section 4213 limits the time period for such challenges to three months and provides for no exceptions. Thus, the failure to serve notice of a motion to vacate, modify, or correct the award within the three-month time period is a waiver of an objection under either Sections 4210 or 4211. Cf. Napolitano v. Gill, 12-0206 (La. 5/4/12), 88 So.3d 446 (per curiam ); FIA Card Services, N.A. v. Weaver, 10-1372 (La. 3/15/11), 62 So.3d 709, 717 ; Chesne v. Cappaert Manufactured Housing, Inc., 12-1122 (La. App. 3 Cir. 3/27/13), 111 So.3d 526, 528.
We are not persuaded by J. Reed's argument that the time delay in Section 4213 may be avoided by characterizing the challenge under Sections 4210 and 4211 as an affirmative defense, then raising it in the answer to the petition for confirmation. As support for this argument, J. Reed relies on the second circuit's decision in North Cent. Utilities, Inc. v. East Columbia Water Dist., 480 So.2d 901, 904 (La. App. 2 Cir. 1985). However, the timeliness issue presented here was neither at issue nor addressed in North Cent. Utilities, Inc. In fact, the second circuit recognized that the authority to alter an arbitration award is governed by the provisions of the Louisiana Binding Arbitration Law, i.e., Sections 4210 and 4211. See North Central Utilities, Inc., 480 So.2d at 904.
Nor do we find merit in J. Reed's argument that its objection is authorized by Louisiana Code of Civil Procedure article 424, which allows a prescribed obligation arising under Louisiana law to be used as a defense if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff. Because confirmation of an arbitration award is governed by the provisions of the Louisiana Binding Arbitration Law, the issue presented here is not within the scope of Article 424. See Peyton Place, Condominium Associates, Inc. v. Guastella , 08-365 (La. App. 5 Cir. 5/29/09), 18 So.3d 132, 145-46 (discussing *150 Article 424 and the requirement of a "visceral connection" between the obligation sued on by the plaintiff and the prescribed obligation interposed as a defense). When parties agree to arbitration, they waive their rights to certain procedures applicable in other proceedings. See Hodges v. Reasonover, 12-0043 (La. 7/2/12), 103 So.3d 1069, 1077.
Our supreme court has recognized that Louisiana's arbitration law is "almost identical in substance" to federal arbitration law; therefore, it is appropriate to draw from federal jurisprudence in applying Louisiana's arbitration law. See Mack Energy Co. v. Expert Oil & Gas, L.L.C., 14-1127 (La. 1/28/15), 159 So.3d 437, 443 n.5. Like Section 4213, federal arbitration law requires that "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C.A. § 12. Federal jurisprudence has rejected the arguments raised here by J. Reed, holding that a party's failure to challenge the validity of the arbitration award within the three-month delay bars it from raising its challenge as a defense to confirmation of the award. See Cigna Ins. Co. v. Huddleston , 986 F.2d 1418, 1993 WL 58742, p.11 (5th Cir. 1993) ; Cullen v. Paine, Webber, Jackson & Curtis, Inc., 863 F.2d 851, 854 (11th Cir. 1989) ; Florasynth, Inc. v. Pickholz , 750 F.2d 171, 175 (2nd Cir. 1984) ; see also Louisiana Health Serv. Indem. Co. v. Gambro A B, 756 F.Supp.2d 760, 765-66 (W.D. La. 2010) (after a party fails to raise its objection within the three-month period, the court is powerless to hear it). One court explained:
Although it is important to the fair administration of arbitration that a party have the means to vacate an unjustly procured award, there is also good reason for the [Federal Arbitration] Act's three month limitation on this right.
An examination of the underlying purposes of the arbitration mechanism amply demonstrates the sound policies that support our conclusion. First, the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. The award need not actually be confirmed by a court to be valid. An unconfirmed award is a contract right that may be used as the basis for a cause of action. In fact, in the majority of cases the parties to an arbitration do not obtain court confirmation. A party, successful in arbitration, seeks confirmation by a court generally because he fears the losing party will not abide by the award. Armed with a court order the winning party has a variety of remedies available to enforce the judgment.
Second, parties choose to arbitrate because they want quick and final resolution of their disputes. The role of arbitration as a mechanism for speedy dispute resolution disfavors delayed challenges to the validity of an award. Thus, when a party to an arbitration believes that he has been prejudiced in the proceedings by behavior that the [Federal Arbitration] Act condemns he must bring a motion to vacate within the allotted time. When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding.
Florasynth , 750 F.2d at 176-77 (citations omitted).
The rationale supporting the federal court's decision equally supports our interpretation of Section 4213. By failing to challenge the arbitration award in accordance *151 with Section 4213, J. Reed's challenges arising under Sections 4210 and 4211 are considered waived and cannot be revived by characterizing them as affirmative defenses.
CONCLUSION
The judgment of the trial court confirming the arbitration award is affirmed. Costs of this appeal are assessed to J. Reed Constructors, Inc.
AFFIRMED.
Pettigrew, J., concurs
Guidry, J., concurs in the result.

Section 9:4210 provides that an award shall be vacated: 1) where the award was procured by corruption, fraud, or undue means; 2) where there was evidence of partiality or corruption on the part of the arbitrators or any of them; 3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient good cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or 4) where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definitive award upon the subject matter submitted was not made.
Section 9:4211 provides that an award shall be modified and corrected: 1) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; 2) where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or 3) where the award is imperfect in matter of form not affecting the merits of the controversy.

Section 9:4213 further authorizes the court to stay the proceedings; however, this appeal raises no such issues.