| | | |
|---|---|---|
| LOU-CON, INC. | * | NO. 2019-CA-0576 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| TRANS-VAC SYSTEMS, LLC | * | |
| AND PHILADELPHIA | | FOURTH CIRCUIT |
| INDEMNITY INSURANCE | * | |
| COMPANY | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-03803, DIVISION "D"
Honorable Nakisha Ervin-Knott, JUDGE
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge
Paula A. Brown)

Paula M. Wellons
Travis B. Wilkinson
TAYLOR WELLONS POLITZ & DUHE, APLC
1515 Poydras Street, Suite 1900
New Orleans, LA 70112
 COUNSEL FOR PLAINTIFF/APPELLANT

Keith J. Bergeron
Brian S. Schaps
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, LA 70130
 COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**DECEMBER 4, 2019**

This is an appeal of a trial court judgment granting a motion to confirm an arbitration award. For the reasons that follow, we affirm the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY**

In 2011, the State of Louisiana retained Skanska USA Building, Inc., and MAPP Construction, LLC (collectively "Skanska/ Mapp) to construct a new Hospital in New Orleans – the University Medical Center. Skanska/MAPP, the general contractor on the project, then entered into a subcontract with defendant, Trans-Vac Systems, L.L.C., to develop an automated waste and linen system for the hospital. In turn, Trans-Vac subcontracted with plaintiff, Lou-Con, Inc., to "perform all the work necessary to install the Trash and Linen Piping System Work."

On December 22, 2015, Lou-Con filed a Sworn Statement and Claim under the Louisiana Public Works Act in the sum of $304,895.11, the amount it claimed was owed by Trans-Vac under the subcontract, as well as expenses it incurred when it was required to store excess materials ordered by Trans-Vac.

Lou-Con then instituted this action on April 14, 2016, seeking those sums set forth in its lien, legal interest, attorney's fees and costs. In response, Trans-Vac

and its surety, Philadelphia Indemnity Insurance Company (collectively, "Trans-Vac"), filed an exception of prematurity, seeking to invoke a mandatory arbitration provision in the subcontract. The trial court held a hearing on the exception and by judgment dated July 25, 2016, granted the exception, staying the proceeding pending arbitration.

The parties then participated in an arbitration proceeding during which a final hearing was held from February 27-28 and on March 1, 2018. Thereafter, the parties provided closing spreadsheet submissions to the arbitrator and had argument from March 5-6, 2018. A final award was made by the arbitrator on March 7, 2018, "fully resolving all claims submitted in arbitration," and awarding $8,767.05 to Trans-Vac and against Lou-Con.[1]

On June 7, 2018, Lou-Con filed a "Motion to Lift Stay and to Modify and Correct the Arbitrator's Final Award Pursuant to LSA- R.S. §9:4211" in the pending matter. In this motion, Lou-Con sought to lift the stay so that the trial court could "correct an evident material miscalculation of figures" and enter judgment modifying and correcting the arbitration award. Trans-Vac opposed the motion, asserting that the motion was not served within the time period set forth in the Louisiana Binding Arbitration Law, and more specifically, La. R.S. 9:4213. The trial court denied Lou-Con's motion by judgment dated November 14, 2018.

In the interim, on November 8, 2018, Trans-Vac filed a Motion with incorporated memorandum to confirm the arbitration award. Lou-Con opposed the motion on the same basis that it previously sought, unsuccessfully, to modify the arbitration award for "material miscalculations," attaching its June 7, 2018 motion

---

[1] The parties have both indicated that Trans-Vac had claims against Lou-Con as well.

2

and memorandum in support of its position. In reply, Trans-Vac, again, asserted that the motion to modify the arbitration award was untimely.

The trial court held a hearing on the motion February 15, 2019 and rendered judgment on March 7, 2019, granting Trans-Vac's motion, confirming the arbitration award and entering judgment in the amount of $8,767.05 in Trans-Vac's favor.

This appeal followed.

**DISCUSSION**

At the outset, we note that Lou-Con moved for a suspensive appeal of the March 7, 2019 judgment granting the motion to confirm the arbitration award. Lou-Con had previously timely appealed the trial court's November 14, 2018 judgment denying its motion to correct the arbitration award, but then withdrew its motion for appeal as premature.[2]

In this appeal, Lou-Con contends that the trial court erred in confirming the arbitration award and, similarly, erred in failing to correct "evident material miscalculations of figures and arithmetical errors." It seeks a reversal of the trial court's judgment confirming the arbitration award and a judgment from this Court "correcting" the miscalculation and rendering judgment in its favor of $92,385.31.

Trans-Vac does not address the issue of whether the arbitration award

---

[2] Trans-Vac comments in its appellate brief that, while Lou-Con sought a suspensive appeal, it "failed to post its appeal bond within the statutory time prescribed by La. Code Cov. Proc. Art. 2124." It is true that "[i]n a suspensive appeal the appellant must file both the petition for appeal and furnish the security within the delay allowed in La.C.C.P. art. 2123." *Franco v. Franco*, 04-0967, p. 7 (La. App. 4 Cir. 7/28/04), 881 So.2d 131, 135 (quoting *Blue, Williams & Buckley v. Brian Investments, Ltd*., 96-1451, p. 5 (La. App. 1 Cir. 6/20/97), 706 So.2d 999, 1002). Here, the suspensive bond, filed on April 30, 2019 (albeit the date set forth in the trial court's Order granting the suspensive appeal), was not filed within thirty days of the "expiration of the delay for applying for a new trial" under La. C.C.P. art. 2323. However, the consequence of this failure is that "the suspensive appeal should be converted to a devolutive appeal, so long as the appellant has met the requirements for taking a devolutive appeal." *Stevens v. St. Tammany Par. Gov't*, 16-0534, p. 8 (La. App. 1 Cir. 1/18/17), 212 So.3d 568, 574.

3

contained mathematical errors; rather Trans-Vac focuses strictly on its argument that Lou-Con failed to timely serve its motion to modify the arbitration award, an argument it raised in response to Lou Con's motion. Indeed, Trans-Vac takes the position that the trial court "correctly refused to modify the arbitration award after Lou-Con failed to timely serve its motion."

A careful reading of the transcript of the November 5, 2018 hearing on Lou Con's motion reflects that, while the majority of the arguments of counsel focused on the timeliness of the motion to correct the arbitration award, the trial court never made a ruling on the issue of its timeliness. Although the trial judge commented that "timeliness or untimeliness is a big issue," the trial court made no actual finding that the motion was untimely. To the contrary, after the parties argued their positions on the timeliness of the motion, the trial judge simply indicated that she was "not going to modify this." Thus, neither the November 14, 2018 judgment, nor the comments of the trial judge reflect a ruling on the issue of Lou-Con's timeliness in serving its motion.

As concerns the trial court's March 7, 2019 judgment confirming the arbitration award, the record does not contain a transcript from the February 15, 2019 hearing on the motion to confirm the arbitration award. Nor does the record contain any written reasons for judgment. Thus, there is no indication that the trial court considered the issue of the timeliness of Lou-Con's motion in response to Trans-Vac's motion to confirm the arbitration award. However, our review of the judgment granting Trans-Vac's motion is *de novo*, and we therefore conduct an independent review of the record and the issue of the timeliness of Lou-Con's motion. *See Brice Bldg. Co. v. Southland Steel Fabricators, Inc.*, 15-1110, p. 3

4

(La. App. 4 Cir. 6/17/16), 194 So.3d 1285, 1288 ("[a]n appellate court reviews a district court judgment confirming an arbitration award de novo.").

Our jurisprudence is well-settled that "[b]ecause of the strong public policy favoring arbitration, arbitration awards are presumed to be valid." *Mack Energy Co. v. Expert Oil & Gas, L.L.C.*, 14-1127, p (La. 1/28/15), 159 So.3d 437, 441-42 (quoting *National Tea Co. v. Richmond*, 548 So.2d 930, 932 (La.1989)). This presumption is rooted in "the longstanding recognition that arbitration is intended to 'speedily ... determine disputes and controversies by quasi judicial means, thus avoiding the formalities, the delay, the expense, and the vexation of ordinary litigation.'" *Id.*, p. 7, 159 So.3d at 442 (quoting *Housing Authority of New Orleans v. Henry Ericsson Co.*, 197 La. 732, 745, 2 So.2d 195, 199 (1941)).

Arbitration awards are not necessarily absolute, however, and there is statutory authority for modifying or correcting an arbitration award under certain circumstances. As pertains to the instant matter, La. R.S. 9:4211 (A) provides that an arbitration award may be modified or corrected "[w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award."

Importantly, a party seeking to have an arbitration award modified or corrected must comply with La. R.S. 9:4213, which states, in pertinent part as follows:

> Notice of a motion to vacate, modify, or correct an award
> shall be served upon the adverse party or his attorney
> within three months after the award is filed or delivered,
> as prescribed by law for service of a motion in an action.

Lou-Con urges this Court to construe La. R.S. 9:4213 as setting forth a prescriptive period which should be strictly construed against prescription, arguing

5

that the requirement that a party serve an adverse party within three months would have the effect of "shorten[ing] the period" provided by the statute. Lou-Con maintains that this result would be untenable as it would be "contrary to Louisiana's policy of liberal application of prescriptive statutes."

There is no dispute that Lou-Con's motion was not served within three months of the arbitration award. Thus, the only manner by which this Court *could* find Lou-Con's motion to be timely is to substitute the term "filed" for the term "served," which this Court is without power to do. While it is a court's "province 'to consider the reason and spirit of a law,' we are 'not free to rewrite the law to effect a purpose that is not otherwise expressed.'" *Foti v. Holliday*, 09-0093, p. 13 (La. 10/30/09), 27 So.3d 813, 821, quoting *Naquin v. Titan Indem. Co*. 00-1585, p. 9 (La.2/21/01), 779 So.2d 704, 710. The *Foti* Court likewise recognized that "it is not the function of the judicial branch in a civilian legal system to legislate . . . ." *Id*. *See also*, *Kelly v. State Farm Fire & Cas. Co*., 14-1921, p. 20 (La. 5/5/15), 169 So.3d 328, 340 ("the wording proposed [by appellant] amounts not to statutory interpretation, but to a wholesale rewriting . . . . Such rewriting is not, however, the role of this or other Louisiana courts.").

It is clear that compliance with the statute is dependent on the *service* of a motion to modify and not on the filing of the motion. The use of the term "shall" indicates the mandatory nature of this requirement. *See Borel v. Young*, 07-0419, p. 11(La. 11/27/07), 989 So.2d 42, 50 ("[t]he use of the word 'shall' . . . must be interpreted as a mandatory provision"); *See also*, La. C.C.P. art. 5053 ("Words and phrases are to be read in their context, and are to be construed according to the common and approved usage of the language employed. The word 'shall' is mandatory, and the word "may" is permissive"); *Ernest N. Morial New Orleans*

6

*Exhibition Hall Auth. v. New Limits New Limits, LLC*, 16-0706, p. 8 (La. App. 4 Cir. 4/5/17), 215 So.3d 974, 978.

Few Louisiana cases have addressed the issue of the timeliness of a motion filed under La. R.S. 9:4213 and none have found that the filing of a motion within the three-month period is sufficient to comply with the statute. To the contrary, our case law has cited the statute precisely as it was written by the Legislature. *See*, *e.g.*, *St. George Fire Prot. Dist. No. 2 v. J. Reed Constructors, Inc.*, 17-1006, p. 3 (La. App. 1 Cir. 2/20/18), 243 So.3d 145, 148; *NCO Portfolio Mgmt., Inc. v. Walker*, 08-1011 p. 7 (La. App. 3 Cir. 2/4/09), 3 So.3d 628, 633; *FIA Card Servs., N.A. v. Gibson*, 43,131 p. 5 (La. App. 2 Cir. 3/19/08), 978 So.2d 1230, 1234; *Robert S. Robertson, Ltd. v. State Farm Ins. Companies/State Farm Fire & Cas. Companies*, 05-435, p. 6 (La. App. 5 Cir. 1/17/06), 921 So.2d 1088, 1091.

Moreover, as Lou-Con recognizes, Louisiana's arbitration law is virtually identical to federal arbitration law. Accordingly, this Court may look to federal law in interpreting Louisiana's arbitration laws. *Lakeland Anesthesia, Inc. v. CIGNA Healthcare of LA, Inc.*, 01-1059, p. 3 (La. App. 4 Cir. 2/6/02), 812 So.2d 695, 698.

The federal counterpart to La. R.S. 9:4213 is 9 U.S.C.A. § 12, which states, in identical language that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." Federal cases (and Louisiana cases) interpreting this federal statute have likewise consistently held that the timeliness of a motion to modify or correct is dependent on service of the motion within the three month period. *See Chase Bank USA, N.A. v. Leggio*, 43,751, p. 4 (La. App. 2 Cir. 12/3/08), 999 So.2d 155, 158; *NCO Portfolio Mgmt., Inc.*, 08-1011 p. 7, 3

7

So.3d at 633; *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir.1986)( "[t]he Federal Arbitration Act requires that motions to vacate be served on the opposing party within three months after the award is filed or delivered."); *Parsons, Brinckerhoff, Quade & Douglas, Inc. v. Palmetto Bridge Constructors*, 647 F. Supp. 2d 587, 591 (D. Md. 2009); *Sverdrup Corp. v. WHC Constructors, Inc.*, 989 F.2d 148, 151 (4th Cir. 1993)("a motion to modify 'must be served' within three months of the award"); *American Postal Workers Union, AFL–CIO v. United States Postal Serv.*, 823 F.2d 466, 470 (11th Cir.1987) (noting that 9 U.S.C. § 12 "plainly requires service, rather than mere filing, within 3 months of the arbitration award.").

Furthermore, federal jurisprudence indicates that a party who fails to comply with 9 U.S.C.A. § 12 by serving notice of a motion to modify (or vacate) an arbitration award forfeits the right to a review of the arbitration award. *See*, *e.g.*, *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir. 1981)("[n]otice motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered . . . A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award."); *Int'l Bhd. of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox*, 826 F.2d 962, 966 (10th Cir.1987)("[a] party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award."); *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1212 (6th Cir. 1982); *Franco v. Prudential Bache Sec., Inc.*, 719 F. Supp. 63, 64 (D.P.R. 1989); *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir. 2007).

Similarly, federal case law indicates that efforts to modify or correct an arbitration award must be made within the parameters of 9 U.S.C.A. § 12 and may not be raised in defense of a motion to confirm an arbitration award. *See*, *e.g.*, *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986)("We adopt the rule . . . that court held that once the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm."); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984)("defendant's failure to move to vacate the award within the three month time provided precludes him from later seeking that relief when a motion is made to confirm the award."); *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989)("the failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the United States Arbitration Act bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought . . . to confirm the award.").

The *St. George* Court has touched on this issue as well and rejected the argument "that the time delay in [La. R.S. 9:]4213 may be avoided by characterizing the challenge under Sections 4210 and 4211 as an affirmative defense, then raising it in the answer to the petition for confirmation." *St. George*, 17-1006, p. 5, 243 So.3d at 149. In that case, no motion to vacate, modify or correct the arbitration award was filed and when one party moved to confirm the arbitration award, the other party sought to have it modified. The Court held:

> Section 4213 limits the time period for such challenges to three months and provides for no exceptions. Thus, the failure to serve notice of a motion to vacate, modify, or correct the award within the three-month time period is a waiver of an objection under either Sections 4210 or 4211.

9

*Id*.

In the instant matter, therefore, and based on the foregoing well-settled principles, we find that Lou-Con failed to timely move to modify or correct the arbitration award. As such, the trial court properly confirmed the arbitration award. Case law indicates that "a proceeding to confirm an arbitration award the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *St. George*, 17-1006, p. 7, 243 So.3d at 150. *See also*, *Taylor*, 788 F.2d at 220 (a confirmation proceeding "is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified."); *FIA Card Servs., N.A. v. Smith*, 44,923, p. 9 (La. App. 2 Cir. 12/22/09), 27 So. 3d 1100, 1106-07 ("[i]t was mandatory that the trial court confirm the award, so long as the award had not been vacated, modified, or corrected."); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

We are not persuaded that the case of *Cole v. Hiller*, 30,397 (La. App. 2 Cir. 4/8/98), 715 So.2d 451, supports the contention that filing a motion to modify an award within the three month period satisfies the requirements of La. R.S. 46:4213, as Lou-Con contends. While the *Cole* Court noted that the motion to modify an arbitration award that contained mathematical errors and which was otherwise ambiguous was "filed . . . within three months after the joint request [for the arbitrator to correct the award] was denied," *Id*., p. 7, 715 So.2d 455, this language cannot be viewed in a vacuum or to suggest that the statute does not require service of a motion to modify. Indeed, the Court quoted the statute as it is written; namely, that "[n]otice of a motion to modify or correct an award 'shall be served upon the adverse party or his attorney within three months after the award is filed or

10

delivered, as prescribed by law for service of a motion in an action.'" *Id.*, p. 4, 715 So.2d at 454.

The issue in *Cole* centered on the timeliness of a motion to modify based on when the time period to do so began. There, the parties agreed that there were calculation errors in the award and both sought to have the arbitrator modify the award. The motion to modify was then filed in the district court within three months of the arbitrator's denial of the request for modification. Based on these facts, the *Cole* Court held that it "[could not] say the trial court erred in finding Cole's motion timely under § 4213." *Id.*, p. 8, 715 So.2d at 455.

Thus, in light of the foregoing, Lou-Con's motion to correct or modify the arbitration award was not timely served as required by La. R.S. 46:2413. Lou-Con therefore waived any defenses it "may have had to confirmation that [might have been] asserted in a timely motion to vacate." *Domino Grp., Inc. v. Charlie Parker Mem'l Found.*, 985 F.2d 417, 419 (8th Cir. 1993). Because the arbitration award in this case had not timely been modified or corrected, the trial court's judgment confirming the arbitration award was proper.

**CONCLUSION**

For the reasons set forth more fully herein, the judgment of the trial court is affirmed.

**AFFIRMED**

11