STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1586

COASTAL INDUSTRIES, LLC

VERSUS

ARKEL CONSTRUCTORS, LLC,
SMITH LAROCK ARCHITECTURE P.C.
AND THE LEFFLER GROUP CONSULTING
STRUCTURAL ENGINEERS, INC.

Judgment Rendered: **SEP 2 1 2020**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 649,069

The Honorable Wilson Fields, Judge Presiding

* * * * *

Russel W. Wray                    Attorneys for Plaintiff/Appellant,
Jacob A. Altmyer                  Coastal Industries, LLC
St. Francisville, Louisiana


John C. Funderburk                Attorneys for Defendant/Appellee,
Thomas D. Bourgeois, Jr.          Arkel Constructors, LLC
Baton Rouge, Louisiana

* * * * *

BEFORE:  HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

Higginbotham, J. dissents with reasons

**PENZATO, J.**

Appellant, Coastal Industries, LLC, (Coastal) appeals a trial court judgment granting a motion to lift stay and confirming an arbitration award in favor of appellee, Arkel Constructors, LLC (Arkel) and denying Coastal's motion to vacate, correct and/or modify the award of the arbitrator and *ex parte* motion to stay proceedings to enforce the award. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Coastal originally filed a petition for damages against Arkel, Smith LaRock Architecture P.C. (Smith LaRock), and The Leffler Group Consulting Engineers, Inc., d/b/a The Leffler Group (Leffler) on June 13, 2016. Coastal sought damages from the three defendants arising from the construction of a building at the Marathon Petroleum Company LP (Marathon) plant in Garyville, Louisiana (the Project). Arkel, the general contractor, subcontracted with Coastal to perform certain work (the subcontract) at the site. Coastal alleged that Smith LaRock, the architect, was engaged by Marathon to design the Project and that Smith LaRock contracted with Leffler to perform the structural engineering work. Coastal claimed that Arkel breached the subcontract resulting in damages. Coastal also asserted that Smith LaRock and Leffler breached the standard of care owed to Coastal by providing untimely and incorrect plans, specifications, and modifications that interfered in Coastal's work causing damages.

On July 20, 2016, Arkel filed a dilatory exception of prematurity and alternative motion to stay and compel arbitration, claiming that Coastal's claims fell within the scope of an arbitration clause contained in the subcontract. Arkel requested that Coastal's claims be dismissed pursuant to the exception of

2

prematurity.[1] Leffler and Smith LaRock both answered Coastal's suit and filed a joint memorandum in support of Arkel's exception of prematurity.

On May 9, 2017, the trial court held a hearing on Arkel's exception of prematurity, and all three defendants argued that Arkel should be dismissed on the exception of prematurity.[2] At the conclusion of the hearing, the trial court heard arguments concerning whether Arkel should be dismissed pursuant to the exception of prematurity and took the matter under advisement.[3] On May 16, 2017, the trial court held another hearing to issue its ruling wherein it granted the exception of prematurity, ordered the arbitration, and issued a stay of the proceedings. The trial court clarified in open court that it was issuing a stay rather than dismissing Coastal's claims. The trial court signed an order on June 13, 2017, reflecting its oral ruling, granting the exception of prematurity and staying all claims of Coastal against Arkel and the remaining defendants pending arbitration between Arkel and Coastal.[4] No claim or party was dismissed by the June 13, 2017 order.

Following the trial court's order, Arkel and Coastal submitted to arbitration with the American Arbitration Association, wherein Arkel answered the arbitration demand and asserted a counterclaim against Coastal. The arbitrator issued an

---

[1] Coastal had previously filed its own "Motion to Stay Proceedings Pending Arbitration," but later filed an *ex parte* motion to withdraw that motion, which the trial court granted on January 24, 2017.

[2] The trial court originally held a hearing on Arkel's exception of prematurity on March 20, 2017. After determining that Coastal would be allowed to offer expert testimony, the trial court rescheduled the hearing.

[3] On July 20, 2016, a notice of removal was filed with the United States District Court for the Middle District of Louisiana (Middle District) (which is not contained in this record but is referred to in other pleadings). Counsel for Coastal argued at the May 9, 2017 hearing that the entire case had been remanded from the Middle District and that the defendants were attempting to have Arkel dismissed, so that the remaining two defendants could return the case to the Middle District.

[4] We note, however, that La. C.C.P. art. 933(A) provides, in pertinent part, "If the dilatory exception pleading prematurity is sustained, the premature action, claim, demand, issue or theory **shall** be dismissed." (Emphasis added).

interim award on December 11, 2018, that contained certain findings. In connection with the claims made by Coastal, the arbitrator found Coastal's "Total Cost Claim" to be unreasonable and denied Coastal's claim of $972,278.72 for "Termination Costs." The arbitrator also found that Arkel did not unreasonably withhold or delay payment to Coastal or breach the contract regarding payment to Coastal. Therefore, the arbitrator denied the claims made by Coastal for payment of penalties, interest and/or attorneys' fees. On February 12, 2019, in his final arbitration award, which incorporated the interim award, the arbitrator awarded Arkel a total of $530,574.02 against Coastal (final arbitration award). No award was made to Coastal. The final arbitration award included the following language: "This Award is in full settlement of all claims and counterclaims submitted in this Arbitration. All claims not expressly granted herein are hereby denied." Following the final arbitration award, on February 15, 2019, Arkel filed a motion to lift stay and confirm arbitration award (motion to lift stay/confirm award) pursuant to La. R.S. 9:4209[5]. Coastal filed its own motion on March 14, 2019, to vacate, correct, and/or modify award of arbitrator and *ex parte* motion to stay proceedings to enforce the award (motion to vacate/stay enforcement of award) pursuant to La. R.S. 9:4210 and La. R.S. 9:4211. Both Coastal and Arkel opposed the other party's motion.

On May 6, 2019, a hearing was held on both Arkel's motion to lift stay/confirm award and Coastal's motion to vacate/stay enforcement of award. After arguments, the trial court took the matter under advisement. On May 20, 2019, the trial court ruled on both motions in open court and specifically ordered

---

[5] Louisiana Revised Statute 9:4209 provides:

> At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.

4

that the stay be lifted and the final arbitration award be confirmed.[6] On August 19, 2019, the trial court signed a judgment that lifted the stay, denied Coastal's motion to vacate/stay enforcement of award, and granted Arkel's motion to lift stay/confirm award. The August 19, 2019 judgment (judgment) further entered judgment in favor of Arkel and against Coastal for specific amounts as follows:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion to Lift Stay and Confirm Award is GRANTED, the Award is confirmed in all respects, and that judgment be entered in favor of Defendant, Arkel Constructors, LLC, and against Plaintiff, Coastal Industries, LLC in the amount of: **$530,574.02 (FIVE HUNDRED THIRTY THOUSAND FIVE HUNDRED SEVENTY-FOUR AND 02/100 DOLLARS)** for the sum due in the Award; **$14,191.40 (FOURTEEN THOUSAND ONE HUNDRED [NINETY]-ONE AND 40/100 DOLLARS)** for additional attorney's fees incurred by [Arkel] to confirm the Award; **$5,785.42 (FIVE THOUSAND SEVEN HUNDRED EIGHTY-FIVE AND 42/100)** for interest on $525,292.92 (the total amount due in the Award excluding interest awarded therein) from March 16, 2019 through May 21, 2019; and judicial interest on $525,292.92 (the total amount due in the Award excluding interest therein) from May 22, 2019 until paid.

It is from this judgment that Coastal appeals.

## LAW AND DISCUSSION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. *Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.*, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046 (en banc). This court's appellate jurisdiction extends only to "final" judgments. *See* La. C.C.P. art. 2083(A); *DeVance v. Tucker*, 2018-1440 (La. App. 1st Cir. 5/31/19), 278 So. 3d 380, 382. Under Louisiana law, a final judgment is one that determines the merits of a controversy in whole or in part. La. C.C.P. art. 1841.

A valid judgment must be "precise, definite, and certain." *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045 (La. App. 1st Cir. 12/20/02), 836 So. 2d

---

[6] The judgment refers to the final arbitration award as being attached thereto as Exhibits 1 and 2 and incorporated and adopted therein. However, we note that there are no exhibits attached to the judgment in the record.

364, 365-366. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *See Carter v. Williamson Eye Center*, 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So. 2d 43, 44. These determinations should be evident from the language of a judgment without reference to other documents in the record, such as pleadings and reasons for judgment. *Advanced Leveling,* 268 So. 3d at 1046. Thus, a judgment that does not contain decretal language cannot be considered as a final judgment for the purpose of an immediate appeal, and this court lacks jurisdiction to review such a judgment. *See Johnson v. Mount Pilgrim Baptist Church*, 2005-0337 (La. App. 1st Cir. 3/24/06), 934 So. 2d 66, 67.

The main demand in this proceeding is Coastal's demand for an award of damages against Arkel for breach of contract and against Smith LaRock and Leffler for breach of the standard of care owed by an architect/engineer. The arbitration addressed the claims between Coastal and Arkel. The judgment at issue confirmed the final arbitration award, which resolved all claims between Coastal and Arkel, resulting in an award of $530,574.02 to Arkel and no award to Coastal. The interim award specifically denied Coastal's claims for termination costs, penalties, interest and attorneys' fees. Further, as noted previously herein, the final arbitration award provided that all claims not expressly granted were denied. However, the judgment lacks decretal language dismissing the claims of Coastal against Arkel. The judgment does not resolve Coastal's original claim against Arkel, as it did not dismiss these claims, notwithstanding the findings and provisions of the interim and final arbitration awards. *See Lehman v. Benasco*, 2019-0779 (La. App. 1st Cir. 2/26/20), 2020 WL 913508, at *2 (unpublished) (judgment failed to indicate that all of plaintiff's claims were dismissed and extrinsic sources were required to make that determination).

6

In this case, the judgment confirms the final arbitration award of $530,574.02 to Arkel but does not dismiss Coastal's original damage claims against Arkel. Therefore, in the absence of appropriate decretal language, the judgment is defective and cannot be considered a final judgment for purposes of appeal. Thus, this court lacks appellate jurisdiction, and we must dismiss this appeal. *See Doctors for Women Medical Center, L.L.C. v. Breen*, 2019-0584 (La. App. 1st Cir. 6/1/20), 2020 WL 2832627, at *3 (unpublished).

We recognize that this court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. *See Stelluto v. Stelluto*, 2005-0074 (La. 6/29/05), 914 So. 2d 34, 39. However, there are limitations on this grant of authority, as set forth in the jurisprudence. *Best Fishing, Inc. v. Rancatore*, 96-2254 (La. App. 1st Cir. 12/29/97), 706 So. 2d 161, 166. In *Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So. 2d 878 (La. 1981), the Louisiana Supreme Court directed appellate courts to consider an application for supervisory writs under their supervisory jurisdiction, even though relief may be ultimately available to the applicant on appeal, when the trial court judgment is arguably incorrect, when a reversal would terminate the litigation (in whole or in part), and when there is no dispute of fact to be resolved.

When the jurisdictional defect lies in the non-finality of a judgment (as opposed to an appeal from an interlocutory judgment), an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal. *Mizell v. Willis*, 2019-0141 (La. App. 1st Cir. 11/15/19), 290 So. 3d 247, 251 n.3.; *See Simon v. Ferguson*, 2018-0826 (La. App. 1st Cir. 2/28/19), 274 So. 3d 10, 14. In such cases, an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. *Mizell*, 290 So. 3d at 251 n.3. Accordingly, we

7

decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of precise, definite, and certain decretal language, to an application for supervisory writs. *See Advanced Leveling*, 268 So. 3d at 1046; *Simon*, 274 So. 3d at 14; *Boyd Louisiana Racing, Inc. v. Bridges*, 2015-0393 (La. App. 1st Cir. 12/23/15), 2015 WL 9435285, *3-4 (unpublished).

## CONCLUSION

For the above and foregoing reasons, we dismiss Coastal Industries, LLC's appeal of the August 19, 2019 judgment. All costs in this matter are assessed to Coastal Industries, LLC.

**APPEAL DISMISSED.**

STATE OF LOUISIANA

COURT OF APPEAL

NO. 2019 CA 1586

COASTAL INDUSTRIES, LLC

VERSUS

ARKEL CONSTRUCTORS, LLC,
SMITH LAROCK ARCHITECTURE P.C.
AND LEFFLER GROUP CONSULTING
STRUCTURAL ENGINEERS, INC.          SEP 2 2 2020

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**HIGGINBOTHAM, J., DISSENTS AND ASSIGNS REASONS.**

I respectfully disagree with the decision of the majority to dismiss the appeal for lack of appellate jurisdiction, and I would address the merits of the appeal. The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. **St. George Fire Prot. Dist. No. 2 v. J. Reed Constructors, Inc.,** 2017-1006 (La. App. 1st Cir. 2/20/18), 243 So.3d 145, 150. The pleadings before the district court in this matter were Arkel's motion to confirm the arbitration award, and Coastal's motion to vacate, correct, and/or modify the award of the arbitrator. The August 19, 2019 judgment clearly denies Coastal's motion to vacate the award and grants Arkel's motion to confirm the award "in all respects." This judgment contains the proper decretal language, named the party in whose favor the judgment was rendered, the party against whom the judgment was rendered, and the relief that was granted. See La. Code Civ. P. art. 1918. The judgment also addressed the merits of a controversy and resolved all claims between Arkel and Coastal. Therefore, the judgment is a final appealable judgment, and this court has subject matter jurisdiction on appeal. See La. Code Civ. P. art. 1841. For these reasons, I respectfully dissent.